RECEIVED
FEB 16 2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ILLINOIS

1:24cv1324
Judge Charles P. Kocoras
Magistrate Judge Keri L. Holleb Hotaling
Random/CAT2

DEVON TURNER, )
)
)
Plaintiff, )
)
v. )  JURY TRIAL DEMANDED
)
ZEIGLER HOFFMAN ESTATES I, LLC, )
)
Defendant. )

## COMPLAINT

NOW COMES the plaintiff, Devon Turner ("my") ("Mr. Turner"), and for my claims and causes of action against Zeigler Hoffman Estates I, LLC ("Ziegler") owner of Mercedes Benz of Hoffman Estates in Hoffman Estates, Illinois in Cook County.

### FIRST CLAIM: MAGNUSON MOSS WARRANTY ACT

1. This case involves a defective lemon Mercedes-Benz AMG C 43 4matic that was warranted and distributed by Zeigler Hoffman Estates I, LLC, sold and worked on under the Zeigler Hoffman Estates I, LLC warranty by Mercedes-Benz of Hoffman Estates.

2. When Mr. Turner purchased, what he was told was brand new, Mercedes-Benz AMG C 43, Mr. Turner thought he was getting a brand new, safe, and reliable vehicle. Instead, the check engine light illuminated upon the cash purchase of the vehicle, and the vehicle is unsafe to drive.

3. Additional defects include, but are not limited to, vehicle radio and screen constantly turns on and off, the vehicle speakers constantly turn off

Page | 1

unexpectedly, steering issues and among other things.

4. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

5. This claim is for breach of express and/ or implied warranties and violation of the federal law Magnuson Moss Warranty Act by defendant Zeigler Hoffman Estates I, LLC.

6. Plaintiff performed all conditions precedent to private enforcement of the Magnuson Moss Warranty Act.

7. The vehicle involved in this case qualifies as a "lemon", both generically, and under the federal lemon law.

8. As a result of the above, and the allegations below, inter alia, defendant breached its express and/or implied warranties, and violated the Magnuson Moss Warranty Act to the injury of the plaintiff, and that was unfair and/ or deceptive and/or unconscionable to plaintiff.

9. At all times relevant, plaintiff was a consumer.

10. At the times relevant, Mercedes-Benz of Hoffman Estates was a supplier, merchant, and an authorized representative of the manufacturer.

11. At all times relevant, Zeigler Hoffman Estates I, LLC was a supplier, merchant, and an authorized representative of the manufacturer.

12. At all times relevant, the manufacturer was a supplier, merchant and manufacturer or distributor.

13. On or about the 21st day of December 2023, the parties entered into a consumer transaction, in that plaintiff agreed to purchase from defendant Mercedes-Benz of

Hoffman estates owned by Zeigler Hoffman Estates I, LLC, a Mercedes-Benz AMG C 43 4matic vehicle, Vin #W1KAF8HB0PR100778, and as part of the deal plaintiff paid vehicle in full. Also, as part of the deal, the manufacturer agreed to warranty the vehicle to be free from malfunctions and defects.

14. A copy of the contract is not attached for the reason that it contains nonpublic, personal information not subject to public disclosure, and is available to the defendant. Plaintiff will provide a copy upon request, and it will be introduced into evidence at the trial hereof.

15. Plaintiff purchased the vehicle in reliance on the existence of a written warranty from defendant, and on advertising representations and/ or warranties of defendant.

16. A copy of the manufacturer's warranty is not attached for the reason that it is available to the defendant. Plaintiff will provide a copy upon request, and it will be introduced into evidence at the trial hereof.

17. After purchasing the vehicle, plaintiff discovered that it did not conform to the representations of the defendant as it developed continuing malfunctions, defects, and problems, and that was unfair and/or deceptive and /or unconscionable to plaintiff.

18. Through its advertising and otherwise, defendant represented that the vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliable operable for private transportation. Plaintiff purchased the vehicle in reliance upon the belief that defendant possessed a high degree of manufacturing skill and judgement.

19. Through its advertising and otherwise, defendant represented that the vehicles which it distributed were of merchantable quality, fit in proper condition for the ordinary use for which such vehicles are designed and used, and plaintiff relied on such; the vehicle involved in this case was not, however, merchantable quality, and that was unfair and/or deceptive and/or unconscionable to plaintiff.

20. The malfunctions and defects in the vehicle severely and substantially impaired its use, and/or safety, and/or value to plaintiff, and that was unfair and/or deceptive and/or unconscionable to plaintiff.

21. Defendant's failure to timely fix all of the vehicle's defects has caused plaintiff to lose confidence in the reliability of the subject motor vehicle, and in the ability of the manufacturer to repair the vehicle's defects, and that was unfair and/or deceptive and/or unconscionable to plaintiff.

22. Plaintiff provided defendant, and/or one or more of its authorized dealers, with a reasonable number of opportunities to repair the vehicle; but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable number of attempts, and that was unfair and/or deceptive and/or unconscionable to plaintiff.

23. Plaintiff provided defendant and/or one or more of its authorized dealers with a reasonable amount of time to repair the vehicle; but they have each neglected, failed, refused, or otherwise been unable to do so within a reasonable amount of time, and that was unfair and/or deceptive and/or unconscionable to plaintiff.

24. As a result of the above facts, defendant breached its warranties and representations with respect to the vehicle, and that was unfair and/or deceptive

and/or unconscionable to plaintiff.

25. One or more of the defects and malfunctions in the vehicle were covered under the terms of the defendants' warranties and the defendant failed to repair the vehicle, thereby diminishing the use, and/or safety, and/or value of the vehicle, and that was unfair and/or deceptive and/or unconscionable to plaintiff.

26. Defendant and one of its authorized dealers, had notices of breaches of the express and/or implied warranties and the defective condition of the subject motor vehicle within a reasonable time.

27. Plaintiff suffered, and shall continue to suffer actual, incidental, and consequential damages as a direct and proximate result of the inability, other failure, of defendant's authorized representatives to repair or replace the vehicle or refund its price.

## SECOND CLAIM: CONSUMER ACT

28. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

29. This claim is for the violation of the federal consumer sales practices act by defendant.

30. Defendant violated the Magnuson Moss Warranty act in one or more manners, and knew, or should have known that doing so would be unfair and/or deceptive and/or unconscionable to plaintiff, and did it anyway, and that was unfair and/or deceptive and/or unconscionable to plaintiff.

31. Defendant breached and failed to honor its express and/or implied warranties to

plaintiff and had a legal obligation to plaintiff with no valid legal defense for not performing those obligations, but avoided, or attempted to avoid, one or more of its obligations. Defendant knew, or should have known, that doing so would be unfair and/or deceptive and/or unconscionable to plaintiff, but did it anyway, and that was unfair and/or deceptive and/or unconscionable to plaintiff.

32. Defendant violated the federal lemon law and knew, or should have known, that it was doing so and that it would be unfair and/or deceptive and/or unconscionable to plaintiff.

33. Defendant was aware that vehicles which are substantially similar to the subject vehicle experience a check engine light illuminated nonconformity; however, defendant is either unable or unwilling to repair the vehicle's nonconformity, and that unfair and/or deceptive and/or unconscionable to plaintiff.

34. As a result of the above, inter alia, defendant committed one or more unfair or deceptive acts or practices in violation of consumer act, before, during, or after a consumer transaction between plaintiff and a supplier relation to the 2023 Mercedes-Benz AMG.

### THIRD CLAIM: TORTIOUS BREACH OF WARRANTY

35. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

36. This claim is for tortious breach of warranty by defendant Zeigler Hoffman Estates I, LLC.

37. Defendant warranted the subject 2023 Mercedes-Benz AMG when it distributed

it. At the time, it knew that persons in the position of plaintiff would rely upon that warranty from defendant in deciding to contract to and purchase the 2023 Mercedes-Benz AMG from the defendant's retail sales outlet and that plaintiff would be the intended beneficiary of the said warranty and that if defendant failed to comply with its warranty, then the direct and proximate result of that failure by defendant would be damage and injury to plaintiff.

38. At the time it distributed the subject 2023 Mercedes-Benz AMG, defendant might reasonably have expected the 2023 Mercedes-Benz AMG would be used in this state and defendant regularly does or solicits business or engages in a persistent course of conduct in this state.

39. Defendant and its duly authorized warranty representatives failed to comply with its warranty on the 2023 Mercedes-Benz AMG, in spite of the reasonable opportunities given by plaintiff for defendant to do so.

40. As a direct and proximate result thereof, the warranty on the 2023 Mercedes-Benz AMG from defendant to plaintiff failed in its essential purpose.

41. As a direct proximate result thereof, plaintiff suffered actual damages for which defendant is liable.

**FOR THE FOREGOING REASONS,** judgment is demanded against defendant as deemed proper and lawful by the court, alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, violation of the MAGNUSON MOSS WARRANTY ACT, statutory and other damages, remedies, and relief as deemed proper and lawful by the court, for each and every violation that may be proven at trial.

2. On the second claim, violation of the federal consumer sales practices act, statutory damages or three times such actual damages, whichever is greater, and other damages, remedies, and relief as deemed proper and lawful by the court, foreach and every violation that may be proven at trial.

3. On the third claim, tortious breach of warranty, damages, remedies, and relief as deemed proper and lawful by the court.

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above,

1. On the first claim, an order requiring defendant to repurchase the subject vehicle and pay compensation to plaintiff as appropriate under the federal MAGNUSON MOSS WARRANTY ACT. Rescission under the MAGNUSON MOSS WARRANTY ACT and damages under the federal code.

2. On the second claim, statutory rescission under the consumer act.

3. On the third claim, remedies and relief as deemed proper and lawful by the court.

Submitted this 16th day of February 2024.

Devon Turner,
Plaintiff

By: *Devon Turner*

Devon Turner
PMB: 245
7061 W. NORTH AVE
Oak Park, IL 60302-1002
Telephone: (773) 263-5745
punchmadedev@gmail.com

## <u>Certificate of Service</u>

I hereby certify that on Friday, February 16th, 2024, I provided a true and correct copy of this complaint via certified mail with return receipt to the defendant and to the clerk of the court in person which sent a notification of such fillings to all attorneys of record registered with CM/ECF system.

Signature: /s/ *Devon Turner*